UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

KEITH STENNIS,                )
                              )
       Plaintiff,             )
                              )
v.                            )   No.: 16-3151-SEM-TSH
                              )
                              )
SALVADOR GODINEZ, *et al.*,   )
                              )
       Defendants.            )

## MERIT REVIEW ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Keith Stennis' claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* The test for

determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Stennis is currently a civil detainee at the Illinois Department of Human Services' Treatment and Detention Facility in Rushville, Illinois ("Rushville"). However, the alleged constitutional wrongs committed against him did not occur at Rushville.

Instead, Stennis alleges that the constitutional wrongs that were committed against him and that form the basis for this suit occurred at the Western Illinois Correctional Center ("Western Illinois"). Stennis alleges that he was denied mandated sex-offender specific treatment while he was incarcerated at Western Illinois from November 2010 through February 2014. Stennis contends that, had he received sex offender treatment at Western Illinois, he would have been further along in the treatment program at Rushville and that he could have been released sooner from Rushville. Stennis also claims that he should have been transferred to Rushville sooner so that he could have received the proper treatment and so that he could have been released sooner.

Stennis' Complaint fails to state a claim upon which relief can be granted. The United States Supreme Court has held that, for

detainees, "due process requires that the conditions and duration of confinement under the Act bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001). The Supreme Court has also opined that involuntarily committed mentally challenged persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982).

Moreover, the United States Court of Appeals for the Seventh Circuit has extended and summarized *Youngerberg* to include those individuals committed because they are sexually violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012(internal quotation omitted). In other words, the Seventh Circuit has held that "*Youngerberg* holds that, under the due process clause, detainees are entitled to non-punitive programs designed using the exercise of professional judgment . . . ." *Id.* at 883.

However, the same sort of protection is not available to prisoners. In *Sandin v. Conner,* 515 U.S. 472 (1995), the Supreme Court held that liberty interests in the prison context "will be generally limited to freedom from restraint which . . . imposes [an] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 483-84. Stennis' inability to access treatment programs is not an "atypical and significant hardship" in comparison to the ordinary incidents of his life as a prisoner. *Richmond v. Cagle,* 920 F. Supp. 955 (E.D. Wis. 1996) (holding that there is no right to sex offender treatment programs); *Patrick v. Raemisch,* 550 F. Supp. 2d 859, 864 (W.D. Wis. 2008) (same). "Although it may be desirable to provide prisoners with access to sex offender programming, incarcerated persons have no constitutional right to such programming . . . ." *Pettigrew v. Frank,* 2008 WL 4265327, * 3 (W.D. Wis. Jan. 28, 2008). "Denying prisoners access to rehabilitative programs is simply not an 'atypical and significant hardship' under *Sandin.*" *Id.*

Here, Stennis' only claim is that Defendants violated his Constitutional rights while he was an IDOC prisoner at Western Illinois when they failed to provide him with approved sex offender

treatment so that he could be released from Rushville sooner. Stennis had no constitutional right to such sex offender treatment while he was at Western Illinois.  Therefore, Stennis' Complaint fails to state a claim upon which relief can be granted.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's motion for leave to proceed in forma pauperis [3] is GRANTED.  Based upon his prison trust fund ledger, the initial partial filing fee is waived.  The agency having custody of Plaintiff is directed to make monthly payments of twenty percent (20%) of the preceding month's income credited to Plaintiff's account to the Clerk of Court. The agency having custody of Plaintiff shall forward these payments each time Plaintiff's account exceeds $10.00 until the filing fee is paid in full.  The Clerk of the Court is directed to mail a copy of this Order to Plaintiff's place of confinement, to the attention of the Trust Fund Office.**

**2. Plaintiff's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.  Any further amendment to the Complaint would be futile because Plaintiff's claim is not cognizable.**

3.     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within thirty (30) days of the entry of judgment. Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

4.     This case is, therefore, closed, and the Clerk of the Court is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58.  All pending motions are DENIED as moot.

ENTERED this 27th day of July, 2016

_____s/ Sue E. Myerscough_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE